[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner was charged in the second substitute information with one count of felony murder arising from the commission of robbery in the first degree, one count of conspiracy to commit robbery in the first degree, as well as the commission of an A, B. or C felony with a firearm. Mem. of Law in Supp. of Mot., at Exhibit B. After trial to a jury, the petitioner was found guilty of felony murder and conspiracy.Id., at Exhibit C. The petitioner was also found to have committed an A, B, or C felony with a firearm, and a total effective sentence of sixty (60) years, execution suspended after fifty-five (55) years, with five (5) years probation was imposed. Id. The petitioner appealed his convictions, which the Supreme Court affirmed with the exception of the § 53-202k sentence enhancement. State v. Velasco, 253 Conn. 210,751 A.2d 800 (2000).
The petitioner's Amended Petition, filed February 26, 2001, raises claims in three counts against both his trial and appellate counsel. The petitioner has filed a motion for summary judgment as to count three only. Tr. (Oct. 10, 2001), at 21. Count three claims in relevant part that the petitioner's "convictions and resultant incarceration are illegal in that they were obtained in violation of his federal and state right to the effective assistance of counsel under United States Constitution, Amendments VI and XIV and Connecticut Constitution, Article I, Section 8 in that appellate counsel failed to raise before the Connecticut Supreme Court the issue of the failure by the state to obtain a conviction on one of the statutorily required offenses necessary for a conviction of felony murder. Conspiracy is not such a designated offense. Accordingly, Petitioner's conviction for felony murder was improper as a matter of law." Am. Pet., at 5. The claims in count three are the only claims against appellate counsel.
The basis asserted for granting the motion for summary judgment is "that [the] petitioner's conviction for felony murder was wrongfully entered because the jury did not convict him of an underlying offense, as required by General Statutes § 53a-54c. The petitioner was convicted of conspiracy (General Statutes § 52a-48), which is not a denominated offense under C.G.S. § 53a-54c. Because as a matter of law petitioner could not be convicted of felony murder without having first been CT Page 633 convicted of a designated underlying offense, and because petitioner's appellate counsel did not present this issue on appeal, petitioner was denied his constitutional right to effective assistance of counsel." Mot. for Summ. J., at 1.
"[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Miller v. United Technologies Corp., 233 Conn. 732,752, 660 A.2d 810 (1995). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred."United Oil Co. v. Urban Development Commission, 158 Conn. 364, 378,260 A.2d 596 (1969). "Although the party seeking summary judgment has the burden of showing the nonexistence of material fact, . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such a dispute issue." Maffuci v. Royal ParkLtd. Partnership, 243 Conn. 552, 554-5, 707 A.2d 15 (1998).
A claim of ineffective assistance of appellate counsel must establish "(1) that appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of [the petitioner's] conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand." Sekou v. Warden, 216 Conn. 678,690, 583 A.2d 1277 (1990). "[I]n order for the petitioner to establish prejudice resulting from his appellate counsel's deficient performance, he must establish that, as a result of that performance, there remains a probability sufficient to undermine the confidence in the verdict that resulted in his appeal." Bunckley v. Commissioner of Correction,222 Conn. 444, 454, 610 A.2d 598 (1992). If the issue not raised by his appellate counsel lacks merit, the petitioner cannot sustain even that first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably Competent representation. Sekou v. Warden, supra, 216 Conn. 690; Tillmanv. Commissioner of Correction, 54 Conn. App. 749, 756-7, 738 A.2d 208
(1999).
General Statutes § 53a-54c, the felony murder statute, states in relevant part that "[a] person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, CT Page 634 or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants[.]" The petitioner argues that "[t]he felony murder statute designates certain offenses as necessary predicate offenses;" Mem. of Law in Supp. of Mot., at 1; and that this "distinct crime of conspiracy is not an underlying offense for the crime of felony murder." Id., at 2. "If there is no conviction there is no guilt, and if there is no guilt regarding a predicate offense, there is no felony murder." Id., at 7.
In State v. Henning, 220 Conn. 417, 426, 599 A.2d 1065 (1991), the defendant claimed that "the trial court improperly failed to charge the jury on burglary in the third degree as a lesser offense included in the charge of felony murder." The state had filed an information charging the defendant with felony murder as well as burglary in the second degree.Id. The defendant filed a request to charge the jury on burglary in the third degree as a lesser included offense of burglary in the second degree. Id., at 426-7. The trial court did not instruct the jury on any burglary count because of the state's failure to present sufficient evidence regarding the element that the entering or remaining unlawfully in a dwelling had occurred at night. Id., at 427. "The court instructed the jury only as to the felony murder count of the information,instructing on burglary in the third degree as the underlying felony." (Emphasis added.) Id., at 427. The trial court's judgment was affirmed.Id., at 431.
In State v. Morin, 180 Conn. 599, 600-1, 430 A.2d 1297 (1980), "[t]he sole issue raised by the defendant [was] whether the trial court erred in refusing to instruct the jury on burglary in the first degree . . . and robbery in the first degree . . . as lesser offenses included in the indictment charging felony murder." In fact, it was the state in Morn who had, with the support of the defendant, "requested an instruction to the jury on burglary and robbery as lesser included crimes[.] Id., at 602. The Supreme Court noted that "[t]he state's evidence justified a conviction for first degree burglary, first degree robbery, or both."Id., at 604.
In its analysis, the Morn court found "it is necessary to determine which elements differentiate first degree burglary and first degree robbery from felony murder, then to consider whether those elements were sufficiently in dispute to permit the jury consistently to find the defendant innocent of felony murder but guilty of burglary or robbery."Id. "There was no dispute at trial that [the victim's] injuries were inflicted in the course of and in furtherance of the crime. The only differentiating element which may have been in dispute . . . was the cause of death." Id., at 605. After a review of the evidence, the Supreme CT Page 635 Court held that "[i]t cannot be said that the element of causation was sufficiently in dispute to permit the jury consistently to find the defendant innocent of felony murder but guilty of first degree burglary or robbery." Id., at 609. The court then affirmed the refusal to submit the first degree burglary and first degree robbery offenses to the jury as lesser included offenses. Id.
Based on foregoing, this Court concludes that the felony murder statute clearly does not require a conviction for one of the specified underlying offenses in General Statutes § 53a-54c. The petitioner could, contrary to the argument made in the motion for summary judgment, be convicted of felony murder without having first been convicted of a designated underlying offense. The felony murder statute encompasses the elements of the designated underlying offenses by their incorporation into § 53a-54c. All the necessary elements for a felony murder conviction must be proven, including those of the relevant underlying offense, but that does not mandate that there must be a separate and distinct conviction for the underlying offense. Lastly, the petitioner's conviction for conspiracy is for a separate offense and does not serve as the basis for the felony murder conviction. Consequently, the petitioner's motion for summary judgment on court three of the Amended Petition is denied.
 ___________________ EDWARD C. GRAZIANI, JUDGE